No. 25,233.

FORREST B. ANDERSON, *Appellant*, v. A. B. HOSHAW, A. B. JACKSON et al., *Appellees*.

SYLLABUS BY THE COURT.

BROKER'S COMMISSION—*Plaintiff Not the Primary, Efficient Cause of Sale of Real Estate*. Under the evidence as to the right of plaintiff to recover a broker's commission for the sale of property it is held that an adverse finding of the court is not erroneous.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. McCAMISH, judge. Opinion filed May 10, 1924. Affirmed.

*Forrest B. Anderson, I. F. Bradley,* and *D. E. Henderson,* all of Kansas City, for the appellant.

*E. A. Enright,* of Kansas City, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by Forrest B. Anderson for the recovery of a broker's commission from the defendants for the sale of their home. Plaintiff produced his evidence and the trial court held it to be insufficient, and upon a demurrer thereto gave judgment for defendants.

In his appeal plaintiff contends that under the evidence he had earned a commission. It appears that plaintiff was employed to sell the property at a price of $4,750, the purchaser to carry $2,000 of the same in a mortgage and pay the balance of the price in cash. A broker other than plaintiff had been employed to effect a sale of the same property. The plaintiff endeavored to negotiate a sale to A. B. Jackson, who subsequently purchased it through the other

Manufacturing Co. v. Scranton.

agency. Plaintiff, it appears, took Jackson over to see the property, but when they arrived there Jackson informed plaintiff that he had already been shown the house with a view of selling it to him. The defendants had made the carrying of a mortgage of $2,000 and certain payment in cash of the price, the basis of any sale that should be made. The testimony tended to show that plaintiff was not able to make the required arrangements or induce Jackson to purchase the property on the prescribed terms. The other broker was able to make the required arrangements with the purchaser, and it is said that he has received his commission for the sale. Before plaintiff could recover it was incumbent on him to prove that he was the primary, proximate and procuring cause of the sale. The testimony tended to show that the property had been brought to the attention of Jackson before plaintiff began negotiations with him and that although plaintiff made efforts to arrange a sale to Jackson according to the terms required, his negotiations were unsuccessful.

Under the evidence we cannot hold that the finding of the trial court that plaintiff was not the primary, efficient and procuring cause of the sale, was erroneous.

Judgment affirmed.